`UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark, III |
| | : | |
| v. | : | Mag. No. 20-12002 |
| | : | |
| SUDHAN M. THOMAS | : | **CRIMINAL COMPLAINT** |

I, Mark Brzyzek, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached page and made a part hereof.

_Mark Brzyzek_
Mark Brzyzek, Special Agent
Federal Bureau of Investigation

Sworn to before me and
subscribed in my presence,
January 3, 2020
at Newark, New Jersey


HONORABLE JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE        Signature of Judicial Officer

## ATTACHMENT A

### (Theft from Organization Receiving Federal Funds)

From at least in or about March 2019 through in or about July 2019, in Hudson County, in the District of New Jersey, and elsewhere, defendant

### SUDHAN M. THOMAS

being an agent of the Jersey City Employment and Training Program ("JCETP"), embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied money valued at $5,000 and more that was owned by, and was under the care, custody, and control of JCETP, which received in excess of $10,000 in federal program grants within the relevant one-year period.

In violation of Title 18, United States Code, Section 666(a)(1)(A) and Section 2.

1

**ATTACHMENT B**

I, Mark Brzyzek, a Special Agent with the Federal Bureau of Investigation, having personally participated in an investigation of the conduct of defendant SUDHAN M. THOMAS and having spoken with other law enforcement officers and individuals, have knowledge of the following facts. Because this Complaint is submitted for the limited purpose of establishing probable cause, I have not included all facts known to me concerning this investigation. The contents of documents and the statements and conversations of individuals referenced below are provided in substance and in part, unless otherwise indicated.

**Relevant Individuals and Entities**

1.    At various times relevant to this Criminal Complaint:

a.    Defendant SUDHAN M. THOMAS ("defendant THOMAS") was a resident of Jersey City, New Jersey and served as the Acting Executive Director of the Jersey City Employment and Training Program from in or about January 2019 to in or about July 2019, when he resigned.

b.    The Jersey City Employment and Training Program ("JCETP") was a registered 501(c)(3) nonprofit organization located in Jersey City that operated to assist residents of Jersey City to prepare for and enter the labor market. To support its mission, JCETP received grants provided by the U.S. Department of Labor through the federal Workforce Innovation and Opportunity Act ("WIOA"), and grants from the U.S. Department of Housing and Urban Development Community Development Block Grant ("CDBG") program. JCETP received federal program benefits in excess of $10,000 beginning January 1, 2019 through December 31, 2019. The members of JCETP's Board of Directors were appointed by the Mayor of Jersey City and, in turn, voted to hire JCETP's Executive Director.

c.    NextGlocal, Inc. ("Next Glocal") was a for-profit corporation registered in Florida of which defendant THOMAS was a director. Defendant THOMAS opened a business checking account at a certain bank ("Bank A") in the name of Next Glocal (the "Next Glocal Account") in or about May 2018, with defendant THOMAS identified as "President" of Next Glocal and listed as the only authorized signatory for the Next Glocal Account.

d.    The S.J. Thomas Family Revocable Living Trust (the "Family Trust") was an entity for which, according to bank records, defendant THOMAS had the power to sign documents. Defendant THOMAS opened a checking account under his name and that of the Family Trust at Bank A (the "Family Trust Account") in or about July 2017, with defendant THOMAS identified as the only authorized signatory for the Family Trust Account.

e.    According to former JCETP employees, defendant THOMAS hired Individual 1 as JCETP's outside counsel. Individual 1 was the registered agent of Glocal Marketing Solutions Corp., a for-profit corporation, as of on or about May 3, 2017, and the Thomas Family Foundation for America, Inc., a non-profit corporation, as of on or about June 19, 2018. The registered address for both entities was Individual 1's office in New Jersey. Defendant THOMAS was listed as the incorporator and a member of the Board of Trustees for the Thomas Family

2

Foundation for America as of June 19, 2018, according to the entity's certificate of incorporation, and later as the registered agent and a trustee on or about May 31, 2019, according to the entity's amendment to its certificate of formation.

### Theft and Fraud Scheme

2.      Despite there being existing bank accounts for JCETP at another bank, in or about March 2019, defendant THOMAS opened five bank accounts in the name of JCETP (the "JCETP Accounts") at a certain bank ("Bank B"). Defendant THOMAS and a JCETP board member ("Individual 2") were the sole authorized signatories on the JCETP Accounts. Individual 2 resigned from JCETP's Board of Directors in or about June 2019.

3.      Using his access to JCETP funds and control of the JCETP Accounts, from in or about March 2019 through in or about July 2019, defendant THOMAS embezzled more than $45,000 in JCETP funds, as described more particularly in the following paragraphs.

4.      In or about March and April 2019, defendant THOMAS caused funds from JCETP purportedly intended for individuals and entities other than defendant THOMAS to be deposited into bank accounts controlled by defendant THOMAS. For instance:

a.      On or about March 11, 2019, defendant THOMAS caused a $2,500 check dated March 6, 2019, drawn from one of the JCETP Accounts and made payable to JCETP's information technology services provider, hired by defendant THOMAS, to be deposited into the Family Trust Account.

b.      On or about March 21, 2019, defendant THOMAS signed a check for $1,250 from one of the JCETP Accounts made payable to Individual 1, which Individual 1 later deposited into a business account in Individual 1's name held at a certain bank ("Bank C"), for which Individual 1 had sole signature authority (the "Bank C Account"). On or about March 22, 2019, Individual 1 issued a check for $1,250 from the Bank C Account made payable to "cash," with "Next Glocal Acct" written in the memo line. On or about March 22, 2019, defendant THOMAS caused $1,250 in cash to be deposited into the Next Glocal Account.

c.      On or about April 4, 2019, defendant THOMAS signed a check for $3,690 from one of the JCETP Accounts made payable to Individual 1, which Individual 1 later deposited into the Bank C Account. On or about April 5, 2019, Individual 1 issued a check for $3,690 from the Bank C Account made payable to "Next Glocal Inc." On or about April 5, 2019, defendant THOMAS caused that $3,690 check to be deposited into the Next Glocal Account.

5.      Between in or about April 2019 and in or about July 2019, defendant THOMAS caused checks drawn from the JCETP Accounts to be made payable to cash and, in the hours, days, and weeks that followed, large cash deposits were made into the Next Glocal Accounts. For instance:

a.      On or about April 5, 2019, defendant THOMAS caused a check for $500 to be issued from one of the JCETP Accounts made payable to "cash," with "Transfer Funds" written in the memo line. This check was later cashed.

3

b.      On or about April 18, 2019, defendant THOMAS caused a check to be issued for $3,500 from one of the JCETP Accounts made payable to "cash," with "Transfer Payroll" written in the memo line. This check was later cashed.

c.      On or about May 6, 2019, defendant THOMAS signed a check for $4,500 from one of the JCETP Accounts made payable to "cash," with a series of numbers and dollar amounts written in the memo line. This check was later cashed. Defendant THOMAS also signed a second check for $4,500 from one of the JCETP Accounts made payable to "cash," with a series of numbers and dollar amounts written in the memo line. This check also was cashed. Ultimately, defendant THOMAS caused a $7,000 cash deposit to be made into the Next Glocal Account on or about May 6, 2019.

d.      On or about May 13, 2019, defendant THOMAS caused a $2,800 cash deposit to be made into the Next Glocal Account.

e.      On or about June 11, 2019, defendant THOMAS caused a $1,500 cash deposit to be made into the Next Glocal Account.

f.      On or about July 1, 2019, defendant THOMAS made a $6,000 cash deposit into the Next Glocal Account at an ATM in Jersey City, according to bank surveillance video.

g.      On or about July 18, 2019, defendant THOMAS caused an $800 cash deposit to be made into the Next Glocal Account.

6.      Between in or about April 2019 and in or about July 2019, defendant THOMAS caused several other checks for thousands of dollars drawn from the JCETP Accounts to be made payable to cash. On or about the same day, defendant THOMAS used those checks to obtain official checks at Bank B, all of which he made payable to Next Glocal, and which he then deposited into the Next Glocal Account. For instance:

a.      On or about April 18, 2019, defendant THOMAS signed a check for $7,500 from one of the JCETP Accounts made payable to "cash," with "Out Patient Clinic - Capital Purchase Outlay" written in the memo line. Defendant THOMAS used that check to obtain an official check for $7,500 from Bank B, which he made payable to Next Glocal. According to two former JCETP employees, JCETP did not operate an outpatient clinic and there was no contract or plan for the creation or operation of a clinic. Ultimately, defendant THOMAS endorsed the $7,500 official check and caused it to be deposited into the Next Glocal Account.

b.      On or about June 2, 2019, defendant THOMAS signed a check for $6,500 from one of the JCETP Accounts made payable to "cash." Defendant THOMAS used that check to obtain an official check for $6,500 from Bank B, which he made payable to Next Glocal. Ultimately, defendant THOMAS deposited the $6,500 official check into the Next Glocal Account at an ATM in Jersey City, according to bank surveillance video.

4

c.      On or about June 14, 2019, defendant THOMAS signed a check for $7,500 from one of the JCETP Accounts made payable to "cash," with "VC-Travel/Logistics/Hospitality" written in the memo line. Defendant THOMAS used that check to obtain an official check for $7,500 from Bank B, which he made payable to Next Glocal. According to one former JCETP employee, travel for JCETP was very limited and typically local to the extent it was required. According to another former JCETP employee, JCETP did not cover employees' travel expenses except for parking. Ultimately, defendant THOMAS deposited the $7,500 official check into the Next Glocal Account at an ATM in Jersey City, according to bank surveillance video.

d.      On or about July 5, 2019, defendant THOMAS signed a check for $5,000 from one of the JCETP Accounts made payable to "cash," with "Landscape / JT" written in the memo line followed by a series of numbers. Defendant THOMAS used that check to obtain an official check for $5,000 from Bank B, which he made payable to Next Glocal. According to one former JCETP employee, the organization had never before paid for landscaping and JCETP did not control any land that required landscaping. Ultimately, on or about July 8, 2019, defendant THOMAS deposited the $5,000 official check into the Next Glocal Account at a drive-through terminal in Jersey City, according to bank surveillance video.

7.      According to two former JCETP employees, defendant THOMAS did not file any invoices, receipts, or other paperwork accounting for any of the above-outlined monetary amounts drawn from the JCETP Accounts, as required by standard, established JCETP accounting procedures and practices that were known to defendant THOMAS.

8.      Defendant THOMAS used the JCETP funds deposited into the Next Glocal Account for personal expenses and transfers into the Family Trust Account that he controlled. For instance:

a.      On or about May 6, 2019, defendant THOMAS obtained a cashier's check in the amount of $2,900 from Bank A, drawn from the Next Glocal Account and made payable to defendant THOMAS's landlord in Jersey City, with "(SUDHAN THOMAS APRIL 512)" written in the memo line. Also, on or about May 6, 2019, defendant THOMAS obtained a second cashier's check in the amount of $2,900 from Bank A, drawn from the Next Glocal Account and made payable to defendant THOMAS's landlord in Jersey City, with "(SUDHAN THOAMS [sic] MAY 512)" written in the memo line.

b.      On or about June 6, 2019, defendant THOMAS caused $2,000 to be transferred from the Next Glocal Account to the Family Trust Account.

c.      On or about June 17, 2019, defendant THOMAS caused $1,000 to be transferred from the Next Glocal Account to the Family Trust Account.

d.      On or about July 8, 2019, defendant THOMAS obtained a cashier's check in the amount of $2,995 from Bank A, drawn from the Next Glocal Account and made payable to defendant THOMAS's landlord in Jersey City, with "UNIT 512 SUDHAN THOMAS JUL 2019" written in the memo line.

   e.  On or about July 9, 2019, defendant THOMAS purchased airline tickets to Hawaii costing approximately $1,950 using the Next Glocal Account.

   f.  On or about July 16, 2019, defendant THOMAS paid a hotel located in Hawaii approximately $2,096.73 using his Next Glocal Account debit card.

  9.  As a result of defendant THOMAS's embezzlement scheme, JCETP lost in excess of approximately $45,000.