

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7ʰ floor*                    *973-615-2700*
*Newark, New Jersey 07102*

EKL/PL.AGR
2020R00033

May 16, 2023

Daniel J. Welsh, Esq.
26 Journal Square, Suite 300
Jersey City, New Jersey 07306

Re:    Plea Agreement with Sudhan M. Thomas

Dear Mr. Welsh:

This letter sets forth the plea agreement between your client, Sudhan M. Thomas ("THOMAS"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 22, 2023**, if it is not accepted in writing by that date. If THOMAS does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from THOMAS to Counts 1 and 10 of the 26-count Indictment, Crim. No. 20-954 (WJM), which charge THOMAS with: (1) in Count 1, fraud involving an organization receiving federal funds, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2; and (2) in Count 10, wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. If THOMAS enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against THOMAS for: (i) embezzling funds from the former Jersey City Employment and Training Program ("JCETP") and further committing wire fraud in connection with the embezzlement scheme and laundering the proceeds from in or about March 2019 through in or about July 2019;(ii) committing wire fraud in connection with funds contributed by political donors and held by THOMAS's 2016 and 2019 Jersey City Board of Education ("JCBOE") election campaign committees from in or about September 2016 to in or about November 2016 and from in or about June 2018 to in or about August 2019; (iii) committing bank fraud in connection with funds held by and intended for Candidate 1's 2018 JCBOE election campaign committee in or about November 2018; (iv) wire fraud in connection with a purported NextGlocal joint venture with a technology company from between in or about May 2016 and in or about October 2016; and (v) mail and wire fraud in connection with a purported representative sales agreement involving THOMAS's Glocal Housing Solutions entity from in or about October 2016 and in or about April 2017. In addition, if THOMAS fully complies with this agreement, at sentencing, this Office will move to dismiss Counts 2 through 9 and Counts 11 through 26 of the Indictment, Crim. No. 20-954 (WJM), against THOMAS.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against THOMAS even if the applicable statute of limitations period for those charges expires after THOMAS signs this agreement, and THOMAS agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 666(a)(1)(A) to which THOMAS agrees to plead guilty in Count 1 of the Indictment carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1343 to which THOMAS agrees to plead guilty in Count 10 of the Indictment carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts 1 and 10 may run consecutively to each other or to any prison sentence THOMAS is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon THOMAS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence THOMAS ultimately will receive.

Further, in addition to imposing any other penalty on THOMAS, the sentencing judge as part of the sentence:

(1)     will order THOMAS to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order THOMAS to pay restitution pursuant to 18 U.S.C. § 3663A;

(3)     may order THOMAS, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

(5)    pursuant to 18 U.S.C. § 3583, may require THOMAS to serve a term of supervised release of not more than 3 years on each of Counts 1 and 10, which will begin at the expiration of any term of imprisonment imposed. Should THOMAS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, THOMAS may be sentenced to not more than 2 years' imprisonment on each of Counts 1 and 10 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(a)(3), THOMAS agrees to pay full restitution to the victims of the conduct related to the offenses charged in the Indictment, Criminal No. 20-954 (WJM), in an amount that fully compensates the victims for the losses sustained as a result of that conduct as follows:

| Victim | Amount |
|---|---|
| U.S. Department of Housing and Urban Development | $48,408 |
| New Jersey Education Association | $8,200 |
| Abid Islam | $100 |
| Latino Political Action Committee | $2,400 |
| Oxygen Benefits Consulting | $1,800 |
| Thomas J. and Linda R. Knox | $1,800 |
| 2018 Mussab Ali for JCBOE Campaign Treasurer Kimberly M. Goycochea | $1,800 |
| Next CALA, Inc. | $48,500 |
| Mesocore LLC | $10,000 |

## Forfeiture

As part of THOMAS's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), THOMAS agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds THOMAS obtained that are traceable, directly and indirectly, to the offenses charged in Counts 1 and 10 of the Indictment. THOMAS further acknowledges that the aggregate value of such property was $56,321, which total consists of $48,408 for Count 1 and $7,913 for Count 10;

that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $56,321 (the "Money Judgment"). THOMAS consents to the entry of an order requiring THOMAS to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to THOMAS prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

THOMAS further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

THOMAS waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. THOMAS understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise THOMAS of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. THOMAS waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. THOMAS further understands that THOMAS has no right to demand that any forfeiture of THOMAS's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon THOMAS in addition to forfeiture.

THOMAS further agrees that, not later than the date THOMAS enters a guilty plea, THOMAS will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If THOMAS fails to do so, or if this Office determines that THOMAS has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

- 4 -

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on THOMAS by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of THOMAS's activities and relevant conduct with respect to this case.

Stipulations

This Office and THOMAS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and THOMAS waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

THOMAS understands that, if THOMAS is not a citizen of the United States, THOMAS's guilty plea to the charged offense will likely result in THOMAS being subject to immigration proceedings and removed from the United States by making THOMAS deportable, excludable, or inadmissible, or ending THOMAS's naturalization. THOMAS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. THOMAS wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause THOMAS's

removal from the United States. THOMAS understands that THOMAS is bound by this guilty plea regardless of any immigration consequences. Accordingly, THOMAS waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. THOMAS also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against THOMAS. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude THOMAS from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between THOMAS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:    ELAINE K. LOU
Assistant U.S. Attorney

APPROVED:

RONNELL L. WILSON
Chief, Special Prosecutions Division

- 6 -

I have received this letter from my attorney, Daniel J. Welsh, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
SUDHAN M. THOMAS

Date: 5/22/2023

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
DANIEL J. WELSH, ESQ.
Counsel for Defendant

Date: 5/22/23

- 7 -

Plea Agreement With Sudhan M. Thomas ("THOMAS")

### Schedule A

1. This Office and THOMAS recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021, applies in this case.

### Count 1
### (Fraud Involving an Organization Receiving Federal Funds)

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

4. Because the loss was more than $40,000 but less than $95,000, an upward adjustment of 6 levels is appropriate, pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

5. Because the offense involved a misrepresentation that the defendant was acting on behalf of a charitable, educational, or political organization, or a government agency, the offense level is increased by 2 levels, pursuant to U.S.S.G. § 2B1.1(b)(9).

### Count 10
### (Wire Fraud)

6. The applicable guideline is U.S.S.G. § 2B1.1(a)(1). This guideline carries a Base Offense Level of 7.

7. Because the loss was more than $6,500 but less than $15,000, an upward adjustment of 2 levels is appropriate, pursuant to U.S.S.G. § 2B1.1(b)(1)(B).

8. Because the offense involved a misrepresentation that the defendant was acting on behalf of a charitable, educational, or political organization, or a government agency, the offense level is increased by 2 levels, pursuant to U.S.S.G. § 2B1.1(b)(9).

### Grouping

9. Counts 1 and 10 group together, pursuant to U.S.S.G. § 3D1.2(d) because their offense levels are determined largely on the basis of the total amount of loss.

10. Because this case involves multiple counts sentenced under U.S.S.G. § 2B1.1, the applicable Base Offense Level is determined by the count of conviction that provides the highest statutory maximum term of imprisonment. *See* U.S.S.G. § 2B1.1, cmt. n.2(C). Accordingly, the applicable Base Offense Level is 7, which corresponds to Count 10.

11. Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the Group is the offense level corresponding to the aggregated quantity of the loss, which here is approximately

- 8 -

$56,321, an amount that is more than $40,000 but less than $95,000. Accordingly, an upward adjustment of 6 levels is appropriate, pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

12.    Because the offense involved a misrepresentation that the defendant was acting on behalf of a charitable, educational, or political organization, or a government agency, the offense level is increased by 2 levels, pursuant to U.S.S.G. § 2B1.1(b)(9).

13.    Accordingly, the resulting Guidelines offense level before any adjustment of responsibility is 15.

14.    As of the date of this letter, THOMAS has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if THOMAS's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

15.    Accordingly, the parties agree that the total Guidelines offense level applicable to THOMAS is 13 (the "Total Offense Level").

16.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

17.    If the term of imprisonment does not exceed 18 months, and except as specified in the next paragraph below, THOMAS will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

18.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances

- 9 -

warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).