

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

MJM/PL AGR
2020R00033

March 21, 2024

Frank P. Arleo, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Avenue
West Orange, NJ 07052

Re:    Plea Agreement with Paul H. Appel

Dear Mr. Arleo:

This letter sets forth the plea agreement between your client, Paul H. Appel ("APPEL"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **March 26, 2024,** if it is not accepted in writing by that date. If APPEL does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from APPEL to a Superseding Information which charges APPEL with knowingly converting to his use or the use of another, and without authority, conveying any record, voucher, money, or thing of value of the United States or any department or agency thereof, in an amount that does not exceed $1,000, in violation of Title 18, United States Code, Sections 641 and 2. If APPEL enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against APPEL for: (i) the misappropriation of funds from the former Jersey City Employment and Training Program ("JCETP") and money laundering in connection with the  scheme from in or about March 2019 through in or about July 2019; (ii)  committing wire fraud in connection with funds contributed by political donors and held by Sudhan M. Thomas' ("Thomas") 2016 Jersey City Board of Education ("JCBOE") election campaign committee from in or about September 2016 to in or about November 2016; (iii) wire fraud in connection with a purported Next Glocal joint venture with a technology company from between in or about May 2016 and in or about October 2016; and (v) mail and wire fraud in connection with a purported representative sales agreement involving Thomas' and APPEL's Glocal Housing Solutions entity from in or about October 2016 and in or about April 2017. In addition, if APPEL fully complies with this agreement, at sentencing, this Office will move to dismiss all counts of the Indictment, Crim. No. 20-954 (WJM), as against APPEL.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against APPEL even if the applicable statute of limitations period for those charges expires after APPEL signs this agreement, and APPEL agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 641 to which APPEL agrees to plead guilty to as set forth in the Superseding Information carries a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of: (1) $100,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon APPEL is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence APPEL ultimately will receive.

Further, in addition to imposing any other penalty on APPEL, the sentencing judge as part of the sentence:

(1)    will order APPEL to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    must order APPEL to pay restitution pursuant to 18 U.S.C. § 3663A;

(3)    may order APPEL, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense; and

(4)    pursuant to 18 U.S.C. § 3583, may require APPEL to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should APPEL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, APPEL may be sentenced to not more than 1 year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

- 2 -

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(a)(3), and 18 U.S.C. 3663(a)(3), APPEL agrees to pay full restitution to the victim of the conduct related to the offense charged in the Superseding Information, Criminal No. 20-954 (WJM), in an amount that fully compensates the victim for the losses sustained as a result of that conduct as follows:

| Victim | Amount |
|---|---|
| U.S. Department of Housing and Urban Development | $8,658.00 |

APPEL further agrees that, not later than the date APPEL enters a guilty plea, APPEL will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If APPEL fails to do so, or if this Office determines that APPEL has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on APPEL by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of APPEL's activities and relevant conduct with respect to this case.

Stipulations

This Office and APPEL will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

- 3 -

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and APPEL waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

APPEL understands that, if APPEL is not a citizen of the United States, APPEL's guilty plea to the charged offense will likely result in APPEL being subject to immigration proceedings and removed from the United States by making APPEL deportable, excludable, or inadmissible, or ending APPEL's naturalization. APPEL understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. APPEL wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause APPEL's removal from the United States. APPEL understands that APPEL is bound by this guilty plea regardless of any immigration consequences. Accordingly, APPEL waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. APPEL also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against APPEL. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

- 5 -

No provision of this agreement shall preclude APPEL from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between APPEL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Mark J. McCarren*

By: MARK J. McCARREN
Assistant U.S. Attorney

APPROVED:

*Ronnell L. Wilson*

RONNELL L. WILSON
Chief, Special Prosecutions Division

- 5 -

I have received this letter from my attorney, Frank P. Arleo, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

PAUL H. APPEL                                    Date: 3/22/2024

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

FRANK P. ARLEO, ESQ.                             Date: 3/22/24
Counsel for Defendant

- 6 -

.

<u>Plea Agreement With Paul H. Appel ("APPEL")</u>

<u>Schedule A</u>

1.    This Office and APPEL recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2023, applies in this case.

3.    The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

4.    Because the loss was more than $40,000 but less than $95,000, an upward adjustment of 6 levels is appropriate, pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

5.    Accordingly, the resulting Guidelines offense level before any adjustment of responsibility is 12.

6.    As of the date of this letter, APPEL has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if APPEL's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

7.    If the Court finds at sentencing that Appel both has no criminal history and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 8; otherwise, Appel's total Guidelines offense level will be 10 ("the Total Offense Level").

8.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.  But each party may seek a variance from that Guidelines range, which the other party may oppose.

9.    If the term of imprisonment does not exceed 12 months, and except as specified in the next paragraph below, APPEL will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.  If the sentence imposed by the Court falls within the Guidelines range generated by a level 8, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.  The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).